UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

No.   1:16-CR-132

v.

JAMES GABRIEL SMITH,

HON. GORDON J. QUIST
United States District Judge

        Defendant.

_____/

PLEA AGREEMENT

This constitutes the plea agreement between JAMES GABRIEL SMITH ("Defendant") and the United States Attorney's Office for the Western District of Michigan ("the U.S. Attorney's Office"). The terms of the agreement are as follows:

1.    <u>Defendant Agrees to Plead Guilty</u>.    Defendant agrees to plead guilty to Count Four of the Superseding Indictment, which charges sex trafficking of a minor ("S.A.") in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2). Defendant also agrees to forfeit property referenced in the Forfeiture Allegation in the Superseding Indictment and listed in this agreement.

2.    <u>Defendant Understands the Crime</u>.    In order for Defendant to be guilty of violating 18 U.S.C. §§ 1591(a)(1), (b)(2), and (c) the following must be true:

    a.    Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person by any means;

*United States v. James Gabriel Smith*
*Case No. 1:16-CR-132, Plea Agreement*

    b.    Defendant knew or acted in reckless disregard of the fact that the person would be caused to engage in a commercial sex act and had not attained the age of 18 years; and

    c.    The act of recruiting, enticing, harboring, transporting, providing or obtaining was done in or affecting interstate commerce.

Defendant is pleading guilty because he is guilty of the charge described above.

3.    <u>Defendant Understands the Penalties</u>. The statutory penalties for a violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and (c) are the following:

    a.    Maximum term of imprisonment: Life
    b.    Minimum term of imprisonment: 10 years
    c.    Maximum term of supervised release: Lifetime
    d.    Minimum term of supervised release: 5 years
    e.    Maximum fine: $250,000.00
    f.    Special Assessment: $100
    g.    Additional Special Assessment: $5,000 (Justice for Victims of Trafficking Act)

Defendant agrees to pay the special assessments at or before the time of sentencing, unless Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4.    <u>Restitution</u>. Defendant understands that he will be required to pay full restitution as required by law. *See* 18 U.S.C. § 1593. Defendant agrees to make full restitution to any victims of his sex trafficking of minors or sex trafficking by force, threats of force, fraud, or coercion, including, but not limited to, S.A. Defendant agrees that the restitution order is not restricted to the losses related to the count to which he is pleading guilty. The parties currently do not know the applicable amount of restitution and agree that the amount will be determined at sentencing.

*United States v. James Gabriel Smith*
Case No. 1:16-CR-132, Plea Agreement

5. <u>Forfeiture</u>.   Defendant agrees to abandon any and all claims and agrees not to contest the forfeiture to the Government of any proceeds, computers, cellular telephones, computer-related equipment, or any other items used to commit, promote the commission of, or facilitate the offense charged in Count Four of the Superseding Indictment, including but not limited to the following cell phone: ZTE Model N9130, Serial Number 320843610227. Additionally, Defendant agrees to forfeit the following item, which was used in part to facilitate the offense charged in Count Four: Ruger .22 semiautomatic pistol with magazine, mod. Mark 22 Target, serial number 216-02699.

6. <u>Registration</u>.   Defendant acknowledges and agrees that he must register as a sex offender in all applicable jurisdictions, including, but not limited to, the jurisdictions where he was convicted, resides, works, and attends school. Defendant understands that failure to register may subject him to prosecution.

7. <u>Medical Tests</u>.   Defendant agrees to be tested for sexually transmittable diseases and the etiologic agent for acquired immune deficiency syndrome. Defendant further agrees that if the initial test for the etiologic agent for acquired immune deficiency syndrome is negative, he will be re-tested six (6) months and twelve (12) months following the initial test. (42 U.S.C. § 14011.)

8. <u>Factual Basis of Guilt</u>.   Defendant stipulates and agrees that the facts in this paragraph, at a minimum, are true and form a factual basis of guilt. In or about June 2016, Defendant met S.A. and, knowing that she was 14 years old, facilitated commercial sex acts for her with paying customers by, including but not limited to, knowingly accompanying her during transport in a 2001 Chevy Impala—manufactured in Ontario, Canada—to multiple

*United States v. James Gabriel Smith*
*Case No. 1:16-CR-132, Plea Agreement*

commercial sex dates; standing guard at various locations, including hotels, while S.A. engaged in commercial sex acts; carrying a Ruger .22 caliber semiautomatic pistol—manufactured in the state of Connecticut—during the transportation of S.A. and while she engaged in commercial sex; ~~and providing S.A. illegal drugs to facilitate commercial sex~~. [JS initials]

9. <u>The Sentencing Guidelines.</u>    Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that he and his attorney will have the opportunity to review the presentence report and make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory minimum and maximum penalties described elsewhere in this agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

10. <u>The U.S. Attorney's Office Agrees:</u>

   a. To move to dismiss the underlying Indictment and the remaining counts of the Superseding Indictment against Defendant at the time of sentencing.

   b. Not to prosecute Defendant further for violations of 18 U.S.C. §§ 1591 (sex trafficking of children or by force, threats of force, fraud, or coercion), 1594 (conspiracy to sex

*United States v. James Gabriel Smith*
*Case No. 1:16-CR-132, Plea Agreement*

traffic), 2251(a) (sexual exploitation of a child), 2252 (certain activities relating to material involving the sexual exploitation of minors), 2252A (certain activities relating to materials constituting or containing child pornography); or 922(g)(1) (being a felon in possession of a firearm), or conspiring or aiding and abetting the commission of such acts, provided that the conduct is disclosed to the Government by Defendant or his attorney prior to the date of this agreement. Defendant understands that the U.S. Attorney's Office is free to prosecute Defendant for any other unlawful past conduct, or any unlawful conduct that occurs after the date of this agreement. Defendant understands that the Court may consider all of the charged and uncharged conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure or variance from the calculated guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

c. To confirm that the Calhoun County Prosecutor Office's agrees to dismiss its Case No. C164043 against Defendant for Criminal Sexual Conduct involving S.A. upon Defendant's agreement to plead guilty in this case.

d. Not to oppose Defendant's request for a reduction of his offense level for acceptance of responsibility under § 3E1.1 of the Guidelines, provided Defendant continues to satisfy the criteria for such a reduction. Should the Court grant a two-level reduction as provided herein, the Government certifies that the plea was provided sufficiently in advance of trial to allow the Government to forego the expense of trial preparation and

*United States v. James Gabriel Smith*
*Case No. 1:16-CR-132, Plea Agreement*

hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

11. <u>Waiver of Trial Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

   a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent him;

   b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt;

   c. The right to confront and cross-examine witnesses against Defendant;

   d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify; and

   e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against him.

   By pleading guilty, Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

12. <u>Waiver of Appeal and Collateral Attack</u>.

   a. <u>Waiver</u>. In exchange for the promises made by the government in entering this plea agreement, Defendant waives all rights to appeal or collaterally attack Defendant's

*United States v. James Gabriel Smith*
*Case No. 1:16-CR-132, Plea Agreement*

conviction, sentence, or any other matter relating to this prosecution, except as listed below.

    b.    <u>Exceptions</u>. Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

        i.    Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

        ii.    the district court incorrectly determined the Sentencing Guidelines range, if Defendant objected at sentencing on that basis;

        iii.    Defendant's sentence is above the Sentencing Guidelines range as determined by the court at sentencing and is unreasonable; or

        iv.    an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

13.    <u>FOIA Waiver</u>. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552; or the Privacy Act of 1974, 5 U.S.C. § 552a.

14.    <u>The Court Is Not a Party to this Agreement</u>. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant

*United States v. James Gabriel Smith*
*Case No. 1:16-CR-132, Plea Agreement*

further understands that even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

15. <u>This Agreement Is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

16. <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

*United States v. James Gabriel Smith*
*Case No. 1:16-CR-132, Plea Agreement*

17. <u>This Is the Complete Agreement.</u>   This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings, or conditions be entered into unless in a writing signed by all parties or on the record in open court.

*United States v. James Gabriel Smith*
*Case No. 1:16-CR-132, Plea Agreement Signature Page*

ANDREW BYERLY BIRGE
Acting United States Attorney

6/14/17
Date

DAVIN M. REUST
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

6/5/17
Date

James Smith
JAMES GABRIEL SMITH
Defendant

I am Mr. Smith's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

6/5/17
Date

ANNA RAPA
Counsel for Defendant